UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIAM TISDALE**

    Plaintiff

vs.                                                                                         CASE NO. _____

**MARQUETTE TRANSPORTATION
COMPANY, LLC; MARQUETTE
TRANSPORTATION COMPANY
GULF-INLAND LLC; MARQUETTE
TRANSPORATIONS COMPANY
OFFSHORE, LLC AND DEFENDANTS A-Z**

    **Defendants**

---

**COMPLAINT FOR DAMAGES, AND/OR
FOR JONES ACT NEGLIGENCE, UNSEAWORTHINESS AND
MAINTENACE AND CURE AND ANY AND ALL REMEDIES
AVAIALBE UNDER GENERAL MARITIME LAW**

---

### *Jury Trial Demanded*

COMES NOW the Plaintiff, WILLIAM TISDALE, by and through his undersigned counsel, Joseph A. LoCoco, at LoCoco & LoCoco, PLLC, and hereby brings this action against Defendants, Marquette Transportation Company, LLC, Marquette Transportation Company, Gulf-Inland, LLC; Marquette Transportation Company Offshore, LLC, and would show as follows:

**I.**

Plaintiff, WILLIAM TISDALE, is a person of full age of majority who is a resident of D'Iberville, Mississippi, Harrison County, Mississippi.

**II.**

Upon information and belief, Defendant, MARQUETTE TRANSPORTATION COMPANY, LLC., (hereby known as MARQUETTE) is incorporated in the State of Delaware,

with principal place of business and home office located in Harahan, Jefferson Parish, Louisiana or St. Rose, St. Charles Parish Louisiana. Marquette may be served with process through its registered agent at 12228 Woodville Street, Clinton, Louisiana 70722.

**III.**

Upon information and belief, Defendant, MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC., (hereby known as "GULF-INLAND") is incorporated in the State of Delaware, with principal place of business and home office located in St. Rose, St. Charles Parish, LA. Gulf-Inland may be served with process through its registered agent at 12228 Woodville Street, Clinton, Louisiana 70722.

**IV**.

Upon information and belief, Defendant, MARQUETTE TRANSPORTATION COMPANY OFFSHORE, LLC., (hereby known as "OFFSHORE" is incorporated in the State of Delaware, with principal place of business and home office located in Lockport, Lafourche Parish, LA. Offshore may be served with process through its registered agent at 12228 Woodville Street, Clinton, Louisiana 70722.

**V.**

Upon information and belief, Defendants A-Z are individuals, corporations, and other entities whose names and addresses are unknown to Plaintiff at this time, and who caused or contributed to the injuries and damages to the Plaintiff, but whose true identity and/or liability have not been ascertained at this time. All allegations and claims asserted herein against any Defendant is incorporated herein by reference against Defendants A-Z.

**VI**.

This Court has subject matter jurisdiction to entertain this action and the amount of controversy is beyond his jurisdiction of limits pursuant to Diversity of Citizenship 28 USC §1332. Alternatively, and/or additionally, pursuant to the Jones Act and General Maritime Law.

This Court is the proper venue to maintain this action as the Defendants principal place of business and home office is in Jefferson Parish, St. Charles Parish, and Lafourche Parish, Louisiana, collectively. The Plaintiff signed a venue selection agreement requiring that this matter be filed in this Court.

## FACTUAL ALLEGATIONS

**VII.**

On March 13, 2019, Plaintiff was working for Marquette in the waters near Greens Bayou Texas located in the Houston Ship Channel, and was assigned to a vessel M/V St. John, owned by Marquette Transportation Co. Plaintiff was in the Steerage Program training for the position of Pilot. Plaintiff's job as a Covered Steersman had no lifting requirements and did not require deckhand duties. The vessel was short-handed. It was one deckhand short of a full crew. Right after Plaintiff's watch ended the crew manager, Brandon Mattei, called Captain Greenhouse and told him they were not sending a deckhand to the boat because we were sitting there on standby. The captain ordered Plaintiff perform the duties of the absent deckhand and to work outside his job classification. Since the vessel was moored, it would have been a simple process to send a deckhand to replace the one that got off the barge. At the time that Plaintiff was sent to perform deckhand duties, it had been at least many months since he performed the duties of a deckhand which caused him to be deconditioned and not fit for that type of work.

1. Plaintiff was working in a narrow passageway on the side of the barge, MTC 1363. The lock line was coiled and hanging at shoulder height, from the cover top barge. It weighed over 100 pounds, we estimate. It was raining and the line was saturated. When Plaintiff lifted and carried the lock line, he felt a pop in his low back and his back gave out. He immediately felt excruciating pain in my low back.

3. Plaintiff initiated a claim for injuries under the Jones Act, Unseaworthiness, Maintenance and Cure, and under General Maritime Law on or about March 13, 2019, against any and all named Defendants herein, and requested approval of medical treatment.

**FIRST CAUSE OF ACTION**
**JONES ACT NEGLIGENCE**

**VIII**

Plaintiff reiterates all specific allegations set forth in the foregoing paragraphs, and further avers:

Plaintiff is entitled to recover damages, legal compensation under the Jones Act from the Defendants, for their negligence and for the unseaworthiness of the marine vessel, and under General Maritime Law, for reasons as follows:

1. The vessel in which Plaintiff, TISDALE was working was undermanned with an inadequate crew. Plaintiff was forced to perform work that was not in his job classification by taking over duties of an absent deckhand, which was the direct cause of the subject accident.

**IX.**

The above-described accident was caused by the Jones Act negligence of the Defendants, and their agents, servants, employees, or others for whom they are legally responsible, in the following, though not exclusive, respects:

   a. Negligence in ordering Plaintiff to perform work outside of his job classification because as a Covered Steersman he is relieved of deckhand duties.;

   b. Negligence in failing to provide a seaworthy vessel and a adequate crew;

   c. Failure to provide Plaintiff with necessary medical treatment;

   d. Failing to provide proper safety equipment and appurtenances;

   e. Failing to have the vessel properly maintained*;*

   f. Exposing the Plaintiff to unreasonable risk of injury and harm while serving aboard the vessel;

   g. Not providing Plaintiff with enough equipment, assistance, and manpower to do the tasks assigned;

   h. Failure to warn Plaintiff of dangers and needlessly exposing Plaintiff to nonapparent dangers;

   i. Negligence implied in these allegations and those that may be shown at a trial on the merits.

**SECOND CAUSE OF ACTION
UNSEAWORTHINESS**

**X.**

Plaintiff reiterates all specific allegations set forth in the foregoing paragraphs, and further avers:

Defendants, employer of the Plaintiff; are liable to the Plaintiff to compensate him for his

injuries and damages caused by the unseaworthiness of the vessel, as follows:

    a.    Defective machinery equipment and appurtenances;

    b.    Furnishing an undermanned vessel, failing to properly man and crew the vessel;

    c.    For not having the vessel properly equipped;

    d.    For inadequate equipment and safety devices and unsafe conditions abord the vessel;

    e.    For inadequate and unequipped communication devices for which to communicate with the Plaintiff and to warn the Plaintiff of dangers;

    f.    Failing to provide the Plaintiff with a seaworthy vessel and adequate crew;

    g.    Unseaworthiness implicit in these factual allegations and these shown at a trial on the merits.

## THIRD CAUSE OF ACTION
## GENERAL MARITIME LAW

### XI.

Plaintiff reiterates all specific allegations set forth in the foregoing paragraphs, and further avers:

Defendants, employer of the Plaintiff, are liable to the Plaintiff to compensate him for his injuries and damages under General Maritime Law, for reasons, as follows:

    a.    Defective machinery equipment and appurtenances;

    b.    Furnishing an undermanned vessel in failing to properly man and crew the vessel;

    c.    For not having the vessel properly equipped;

    d.    For inadequate equipment and safety devices and unsafe conditions aboard the vessel;

    e.    For inadequate and unequipped communication devices for which to communicate

with Plaintiff and to warn Plaintiff of dangers;

f. Failing to provide the Plaintiff with a seaworthy vessel and adequate crew;

g. Not providing Plaintiff with enough equipment, assistance, and manpower to do the tasks assigned;

h. failure to warn Plaintiff of dangers and needlessly exposing Plaintiff to nonapparent dangers; and

i. Those actions and inactions implicit in these allegations and those shown at a trial on the merits.

**FOURTH CAUSE OF ACTION**
**MAINTENANCE AND CURE**

**XII**

Plaintiff reiterates all specific allegations set forth in the foregoing paragraphs, and further avers:

1. On or about March 13, 2019, Plaintiff was injured while in the service of the vessel which was owned and operated by the Defendants. Plaintiff is entitled to whatever cure has not been paid by the Defendants and for future Maintenance and Cure for which he may be entitled.

2. Plaintiff was being paid maintenance and cure from March 13, 2019 to the date of the filing of this complaint.

3. Defendants terminated cure payments on August 26, 2021 stating that Plaintiff had reached MMI. On August 26, 2021, Plaintiff's orthopedic surgeon, Dr. Donald Dietze, ordered and recommended that the Plaintiff, Tisdale, undergo a Radiofrequency Ablation. Defendant's refused to authorize and pay for this

treatment so ordered on October 21, 2021. Plaintiff remains in pain from injuries caused in the subject incident and in need of the ablation ordered by Dr. Dietze.

Furthermore, Plaintiff has attained only temporary improvement in his medical condition, via physical therapy and lumbar epidural steroid injections. It is yet unknown if Plaintiff will be in need of lumbar surgery. However, if the radiofrequency ablation is performed and fails, lumbar surgery would be the next option.

## DAMAGES

### XIII

Plaintiff reiterated all specific allegations set forth in the foregoing paragraphs, and further avers:

Defendants, individually and collectively, named herein, are liable, onto Plaintiff, for compensatory damages, under Jones Act, Unseaworthiness and General Maritime law, as follows:

a. Pain and Suffering, past, present and future;

b. Medical expenses, past, present and future;

c. Lost wages, and lost wage-earning capacity, past, present and future;

d. Permanent impairment, past, present and future;

e. Loss of enjoyment of life, past, present and future;

f. Mental anguish; past, present and future;

g. Maintenance and cure, past, present and future;

In an amount to be determined by the Jury.

## XIV.

All Defendants, individually and collectively, named herein, are liable for causes of action as set forth on this Complaint for damages occasioned by Jones Act, negligence, unseaworthiness, maintenance and cure, and general maritime law and damages allowed under these causes of actions.

## JURY TRIAL DEMAND

Plaintiff, WILLIAM TISDALE, is entitled and does hereby demand a trial by Jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff request that this Complaint be filed and duly served upon Defendants, and after due proceedings, that judgment be rendered in the favor of Plaintiff against the Defendants, Marquette Transportation Company, LLC; Marquette Transportation Company Gulf-Inland, LLC; Marquette Transportation Company Offshore, LLC; and Defendants A-Z, jointly, severally, and in solido in an amount to be determined by the jury for compensatory damages, consequential damages, and all damages to which he is entitled, interest from the date of initial demand until paid, interest from the date of plus all costs of this proceeding, all costs of experts to be assigned by this Court, attorney costs and expenses, all general and equitable relief, and, if mistaken in the relief prayed for, any other relief allowed by law, be it general or special, at law or in equity, to which he may show is justly entitled.

RESPECTFULLY SUBMITED this the 3rd day of February, 2022.

                    **PLAINTIFF, WILLIAM TISDALE**

By: LoCoco & LoCoco, PLLC

s/Joseph A. LoCoco
**Joseph A. LoCoco, LAB# 17305l MSB #9537**
**Virginia L. LoCoco, LAB #18307 MSB #8483**
**LoCoco & LoCoco, PLLC**
**Post Office Box 6014**
**10243 Central Avenue**
**D'Iberville, MS   39540**
**Tel. (228) 392-3799**
**Fax (228) 392-3890**
**joseph.lococo@lococolaw.com**
**virginia.lococo@lococolaw.com**