## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM TISDALE**<br>*Plaintiff* | **CIVIL ACTION NO.:**<br>**2:22-cv-00237-GGG-MBN** |
| | **SECTION "T"** |
| **VERSUS** | **DISTRICT COURT JUDGE:**<br>**GREG G. GUIDRY** |
| **MARQUETTE TRANSPORTATION COMPANY, MARQUETTE TRANSPORTATION COMPANY, GULF-INLAND, LLC, MARQUETTE TRANSPORTATION COMPANY OFFSHORE, LLC AND DEFENDANTS A-Z**<br>*Defendants* | **MAGISTRATE JUDGE: LLC, MICHAEL B. NORTH** |

### PLAINTIFF'S ANALYSIS AND ARGUMENT IN SUPPORT OF MOTION TO COMPEL CURE

COMES NOW, Plaintiff, William Tisdale, a Jones Act Seaman, a steersman, while on duty in the service of Defendant's vessel, was injured on March 13, 2019. Plaintiff's status as a Jones Act Seaman and the fact that he was injured while in the service of the vessel are both uncontested. See Exhibit "1", Accident/Incident Report, dated March 13, 2019, attached to the Plaintiff's Motion to Compel.

Plaintiff is entitled to Cure.

The obligation to provide maintenance and the accompanying duty to provide cure., i.e. medical cure to an ill or injured seaman is "among the most ancient and pervasive of all the liabilities imposed on a shipowner. *Caufield v. A C & D Marine, Inc.,* 633 F.2d 1129, 1131-32, 1982 AMC 1033, 1035 (5ᵗʰ Cir., 1982), quoting *Oswalt v. Williamson Towing Co., Inc.,* 488 F.2d 51, 54, 1974 AMC 1311, 1113-14 (5th Cir. 1974).

Plaintiff's burden is light, simple to be administered without technical considerations with

few exceptions and few causes for delay. *Farrell v. United States*, 2336 U.S. 511, 516, 69 S.Ct. 707, 93 L.Ed. 850 (1949).

An Employer's duty to pay Cure is "virtually automatic". *Baucom v. Sisco Stevedoring, LLC*, 506 F. Supp. 2d 1064, 1073 (S.D. Ala.2007).

Defendant, Marquette, as delayed excessively over two months, in providing Cure, a three-level fusion ordered by Plaintiff's treating physician, Dr. Dietze.

The cure obligation is to be liberally interpreted for the benefit of the seaman, wards of the Court. *Vaughan*, 369 U.S. at 532 (quoting Aguilar, 318 U.S. at 735).

To obtain maintenance and cure, Plaintiff must show that he incurred an injury while a seaman in the service of a vessel. Aguilar v. Standard Oil Co., of N.J., 318 U.S. 724, 730-31, 63 S.ct. 930, 1943, A.M.C. 451 (1942).

In other words, a seaman has the burden of proving that his injury occurred, was aggravated, or became manifest while in service of the vessel.  *Miller v. Lykes Bros. Ripley S.S. Co.,* 98 F.2d 195 (5th Cir. 1938).

At trial, for the seaman to carry his relatively light" burden of proving his entitlement to maintenance and cure, he must establish by a preponderance of the evidence that (1) he was employed as a seaman, (2) the injury/illness occurred, manifested, or was aggravated while in the ship's service, (3) the wages to which he is entitled, and (4) expenditures for medicines, medical treatment, board, and lodging.  *Weeks Marine, Inc. v. Wright*, No. 14-231, 2015 WL 4389918, at *5 (S.D. Ala. July 15, 2015); *Johnson v. Cenac Towing Inc.,* 468 F.Supp.2d 815, 832 (E.D.La 2006), vacated on other grounds, 544 F.3d 296 (5th Cir. 2008); *Spikes v. Blessey Marine, Inc*. No. 11-162, 2013 WL 6438989, at *13 (S.D. Miss. Dec. 9, 2013).

Plaintiff, Tisdale, has carried his burden of providing all elements of proving his entitlement to Cure. Exhibits 1, 2, 3, 4, 5, & 6 provide evidence that this burden of proof has been

satisfied. The burden now shifts to Defendant, Marquette, to prove that he has reached maximum cure. *West c. Midland Enters, Inc*., 227 F3d 613, 616 (6th Cir. 2000) (quoting *Freeman v. Thunder Bay Transp. Co*., 735 F. Supp. 680, 681 (M.D. La. 1990). A shipowner bares a heavy burden when deciding to terminate maintenance and cure. *Schoenbaum*, supra. §633, at 394. All doubt concerning cure is to be resolved in the seaman, Tisdale's, favor.   *Vaughan*, 369 U.S. at 532.

On June 3, 2022, Plaintiff furnished Dr. Dietze's report ordering a three-level lumbar fusion to Defendant, Marquette (See Exhibit 3 of this Motion), and provided Defendant and itemized cost for same, by report dated June 29, 2022. (See Exhibit 4 of this Motion)

Plaintiff sought authorization for surgery but authorization for this was refused by Defendant, Marquette. Instead, Defendant, Marquette, demanded an IME be performed by their choice of physician, Dr. Davis. On Aug 10, 2022, during the IME, Dr. Davis advised Plaintiff, that he did need a two-level fusion and perhaps the three-level fusion as recommended by Dr. Dietze, but recommended x-ray studies to determine if the third level needed to be fused. (See Exhibit 5 of this Motion).   Dr. Davis has not produced his IME report to date.   Over 2 months have passed since the IME of Aug 10, 2022.

The shipowner can meet this burden by providing "unequivocal" evidence that the seaman has reached maximum cure.   *Johnson v. Marlin Drilling Co.,* 893 F.2d 77, 79 (5thCir. 1990) (citing *Tullos v. Res. Drilling, Inc.* 750 F.2d 380, 388 (5th Cir. 1985).

The few courts that have addressed such a situation have often sided with the seaman holding that a "second opinion" does not end the seaman's right to maintenance and cure.   *Bloom v. Weeks Marine, Inc.,* 227 F.Supp.2d 1273 (M.D. Fla.2002).

All doubt as to entitlement, defenses, necessity of treatment and attainment of maximum cure are resolved against the shipowner, Marquette. *Seri v. Queen of Hearts Cruises, Inc*. No. 01-

6985, 2003 WL 21835736, at 1 (S.D.N.Y. Aug. 6, 2003) (citing *Vella v Ford Motor Co*., 421 U.S. 1,4 (1975); *Vaughn v. Atkinson*, 369 U.S. 527, 532 (1962). Maximum medical cure is the point at which further treatment will not improve the seaman's condition. *Morales v. Garijak, Inc*., 829 F.2d 1355, 1359 (5ᵗʰ Cir. 1987) *Springborn v. American Commercial Barge Lines, Inc.,* 767 F2.d 89, 95 (5ᵗʰ Cir. 1985*); Miolta v. Johns Hopkins Univ. Applied Physics Lab*, 830 F.Supp. 351, 359 (D.MD, 1993) *Andrews v. Dravo*, 288 F. Supp 142, 147 (W.D. PA. 1968)

Obviously, the fusion surgery ordered by Dr. Dietze, may likely improve the Plaintiff, Tisdale's condition. The fusion surgery is curative, not merely palliative. *Pelotto*, 604 F2d at 400. All issues must be resolved in favor of payment of cure for the seaman, Tisdale. *Moore v. Sally*, 27 F. Supp. 2d 1255, 1262, 1998 A.M.C. 1707 (W.D. Wash. 1998).

The employer, Marquette, Defendant, was required to conduct its investigation quickly and without delay. In, *Sullivan v. Tropical Tuna, Inc.,* 963 F. Supp. 42, 45 (D. Mass. 1997), the Court found a one-month delay is sufficient to prove unreasonable and willful delay.

There are no opposing medical experts in this case. Dr. Dietze's opinion, as treating physician, is unopposed.

In the absence of unequivocal medical testimony that a seaman has reached maximum medical cure, the employer must provide the medical treatment prescribed by the seaman's treating physician, *Moore* 27 F. Supp 2d at 1298.

A seaman's right to maintenance and cure is unequivocal. *Tullos v. Resource Drilling, Inc*. 750 F.2d 380, 388 (5ᵗʰ Cir. 1985).

Absent an unequivocal justification to terminate Cure, the Shipowner is subject to liability for punitive damages and attorney fees. *Rowan v. Chem Carrier Towing, LLC.,* No. 12-712 2015 WL 2097572 (E.D.L.A. May 5, 2015). *Vaughn v. Atkinson*, 369 U.S. 527, 1962 AMC 1131 (1962);

*Harper v. Zapata Offshore Co*., 563 F. Supp. 576, (D. LA. 1983) reversed 741 F.2d 87, 1985 AMC 979 (5th Cir. 1984).

Plaintiff, Tisdale was injured while in service of the vessel. There was no willfulness conduct or deliberate act of indiscretion on Tisdale's part to prevent his entitlement to Cure. *Johnson v. Cenac Towing, Inc*., 599 F. Supp 2d 721, 726 (E.D. LA, 2009).

Plaintiff, Tisdale is entitled to an Order by Compelling Defendant, Marquette to pay Cure, specifically, the fusion surgery recommended by Dr. Dietze.

Several courts have granted a seaman's motion to compel maintenance and cure); *Hughes v. Hunter Marine Transport, inc.* 1997 WL 834547 (M.D. Ten.Aug. 7, 1997) (unpublished) (granting motion to compel maintenance and cure); *Hale v. Excell Marine Corp.,* 2008 WL 4443098, at*2 (W.D. Ky. Sept 26, 2008) (unpublished) (granting seaman's motion for maintenance and cure); *Kezic v. Alaska SEA*, 2004 WL 3007095, at *1 (W.D. Wash. Sept. 1, 2004) (holding that the seaman was entitled to an order compelling payment of maintenance and cure). In Gouma v. Trident Seafoods, Inc., No. C07 1309, 2008 WL 2020442 (W,D. Wash. Jan. 11, 2008), a seaman filed a motion to compel cure asking the court to order the shipowner to pay for a discogram/CT after the shipowner refused to pay for the procedure because a physician conducting an independent medical examination determined that the seaman had reached maximum cure and that the discogram/C was unnecessary.   Id. In granting the seaman's motion, the court reasoned, Plaintiff is entitled to a resumptive continuance of maintenance and cure payments.   This Court is not prepared to depart from the [Vaughan] standard of resolving all doubts concerning maintenance and cure in the seaman's favor to that extent.   Defendants have cited no opinion from the Ninth Circuit or the Supreme Court indicating that this historic doctrine has fallen to that level of disfavor.   Similarly, Defendants may not unilaterally decide, based on

the opinion of their own physician that a seaman has reached maximum medical cure.

Additionally, Plaintiff moves for an award of attorney fees and punitive damages due to Defendant's willful delay in refusal to authorize Cure for this injured seaman, Tisdale, who was injured while in service of its vessel, pursuant to *Atlantic Sounding Co., Inc., v. Townsend*, 557 US 404 (2009).

RESPECTFULLY SUBMITED this the <u>18th</u> day of October, 2022.

**PLAINTIFF, WILLIAM TISDALE**
By: LoCoco & LoCoco, PLLC

*s/Joseph A. LoCoco*
**Joseph A. LoCoco, LAB# 17305l MSB #9537**
**Virginia L. LoCoco, LAB #18307 MSB #8483**
**LoCoco & LoCoco, PLLC**
**Post Office Box 6014**
**10243 Central Avenue**
**D'Iberville, MS   39540**
**Tel. (228) 392-3799**
**Fax (228) 392-3890**
**joseph.lococo@lococolaw.com**
**virginia.lococo@lococolaw.com**

**CERTIFICATE OF MAILING**

I, hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CMECF system which sent a notice of electronic filing to all counsel of record.

THIS, the <u>18th</u>, day of October, 2022.

*s/Joseph A. LoCoco*
Joseph A. LoCoco