UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM TISDALE** *Plaintiff* | **CIVIL ACTION NO:** 2:22-cv-00237-GGG-MBN |
| | **SECTION "T"** |
| **VERSUS** | **DISTRICT COURT JUDGE:** **GREG G. GUIDRY** |
| **MARQUETTE TRANSP. CO., LLC** *et al.* | **MAGISTRATE JUDGE:** **MICHAEL B. NORTH** |

## MARQUETTE'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL CURE

Defendants, Marquette Transportation Company, LLC, Marquette Transportation Company Gulf-Inland, LLC, and Marquette Transportation Company Offshore, LLC (together "Marquette"), file this Opposition to Plaintiff's Motion to Compel Cure, R. Doc. 40. Marquette has separately moved to strike Plaintiff's Motion to Compel Cure as procedurally improper, R. Doc. 44. Nevertheless, if the Court reaches the merits of Plaintiff's Motion to Compel Cure after considering Marquette's Motion to Strike, this opposition will show why the motion must be denied.

Dr. Donald Dietze (Tisdale's treating physician) and Dr. John Davis, IV (Marquette's IME doctor) have conflicting opinions on whether Tisdale needs a three-level lumbar fusion from L3-S1 or simply a one-level fusion at L3-4. In fact, Dr. Dietze has contradicted himself on that issue. During his initial appointment with Mr. Tisdale in December of 2019, Dr. Dietze specifically said he would *not* recommend a three-level lumbar fusion.  During his recent deposition, he said he changed his mind based upon progression and worsening of Tisdale's back based upon a repeat

MRI completed in July of 2021.[1]  Yet, in his report of August 26, 2021, Dr. Dietze specifically noted there was no such worsening and progression.  A year later he supposedly re-reviewed the same MRI scan and determined he was wrong, and there had in fact been such worsening and progression.  Yet, the radiologist who interpreted the repeat MRI did not find any such changes.  Given that Dr. Dietze's records and testimony contradict his own opinion, combined with Dr. Davis' opinion that there is no reason for a fusion at L4-5 or L5-S1, there are genuine issues of material fact that go to the heart of Tisdale's claim for cure. Thus, Tisdale's Motion to Compel Cure fails on the merits because there are genuine issues of material fact.

### STANDARD OF REVIEW APPLICABLE TO TISDALE'S MOTION

Although styled as a "Motion to Compel Cure," Tisdale's motion effectively seeks a dispositive ruling on Tisdale's Fourth Cause of Action—for Maintenance and Cure. *See* R. Doc. 1 at 7-9. Tisdale's motion, therefore, is actually a motion for partial summary judgment on his maintenance and cure claim, which is governed by Federal Rule of Civil Procedure 56. Under Rule 56, a summary judgment is proper only if the pleadings, depositions, admissions, disclosure material, and affidavits, if any, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1).

A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the case. *See Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Id.*; *see also Bazan ex rel. Bazan v. Hidalgo County*, 246 F. 3d 481, 489 (5th Cir. 2001).

---

[1] Dr. Dietze was deposed on October 26, 2022, but the transcript from his deposition is not yet available.  Marquette seeks leave to supplement the record with his deposition testimony when it is available.

The movant has the burden of informing the court of the basis for its motion and identifying those parts of the record that demonstrate an absence of a genuine issue of material fact. The burden shifts to the nonmovant to demonstrate that there is a genuine issue of material fact precluding summary judgment only if the movant meets its initial burden. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Here, Tisdale has failed to carry his burden of demonstrating that there are not genuine disputes of material fact. Tisdale has not even listed the facts he contends are uncontested. Nevertheless, there are material issues of fact that preclude the current motion, as outlined below.

**ARGUMENT**

**I. The Conflicting Opinions From Drs. Dietze And Davis Present A Genuine Issue Of Material Fact As To Tisdale's Claim For Cure.**

"The Fifth Circuit has repeatedly held that conflicting diagnoses and prognoses from various physicians present a question of fact as to the seaman's entitlement to maintenance and cure." *Rowan v. Chem Carrier Towing*, 2015 WL 2097572, at *6 (E.D. La. May 5, 2015) (citing *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380, 389 (5th Cir.1985); *Breese v. AWI, Inc.*, 823 F.2d 100, 104 (5th Cir.1987)); *see also Howard v. Offshore Liftboats, LLC*, 2015 WL 5944310, at *6 (E.D. La. Oct. 13, 2015).

In *Chaney v. Omega Protein, Inc.*, Judge Engelhardt denied summary judgment because the parties' respective doctors disagreed about the nature of the plaintiff's injury and necessity of certain medical treatment: "Here, there clearly is a difference of opinion between the company doctors and those chosen for [plaintiff] by his attorneys. This is a factual dispute appropriately reserved for the trier of fact." 2010 WL 2977385, at *4 (E.D. La. July 21, 2010).

3

Here, Dr. Dietze has recommended that Tisdale undergo a three-level lumbar fusion from L3 to S1.[2] Dr. Davis, on the other hand, has indicated that while Tisdale may benefit from an "L3-L4 minimally invasive TLIF operation" (a one level fusion), "there is no indication for including either the L4-L5 or the L5-S1 motion segments in this construct" given that "there is not so much as a hint of any nerve root compression at either of those levels nor is there any evidence of instability when comparing flexion and extension images."[3] Simply put, there is a sharp disagreement between Drs. Dietze and Davis regarding whether a three-level fusion is medically necessary. This is a factual dispute that defeats Tisdale's motion.

## II. Dr. Dietze's Change In Opinion Regarding The Necessity Of A Three Level Lumbar Fusion Presents A Genuine Issue Of Material Fact As To Tisdale's Claim For Cure.

As noted at the outset, Dr. Dietze has given contradicting opinions concerning the necessity of a three-level lumbar fusion. This too creates a genuine dispute of material fact. Chief Judge Brown's denial of summary judgment in *Martin v. L & M Botruc Rental, LLC* is particularly instructive. 2019 WL 112482 (E.D. La. Jan. 3, 2019). In that Jones Act case, Dr. Dietze initially opined that the plaintiff did not need a spinal fusion but later changed his opinion.

> [T]he dispute before the Court is not simply L&M presenting a physician who disagrees with Dr. Dietze; it is a matter of Dr. Dietze's change in opinion regarding the necessity of surgery and his now conflicting views with Dr. Awasthi. In addition to *whether thoracic surgery is required*, there is also a disputed issue on whether such a surgery would be considered curative or merely palliative. Because *both issues affect whether L&M is obligated to pay cure to finance the surgery*, summary judgment is denied.

*Id.* at *8–9.

Dr. Dietze has done the same thing here. Following his initial evaluation of Tisdale in December 2019, Dr. Dietze expressly said he would not recommend a three-level lumbar fusion:

---

[2] Dr. Dietze's Lumbar Fusion Surgery Request, attached as **Exhibit A**.
[3] Dr. Davis' IME Report, attached as **Exhibit B**.

4

"I did explain [to Tisdale] that some of my colleagues might offer a 3 level anterior-posterior fusion <u>but I do not recommend this surgery</u>."[4] Dr. Dietze repeated that opinion in his reports until August 26, 2021.[5] In deposition, Dr. Dietze claimed that he changed his mind because a repeat MRI from July 2021 showed a change in Tisdale's condition.[6] But in his report of August 26, 2021, Dr. Dietze expressly said there was no such worsening or progression reflected by the repeat MRI scan: "Reviewed the MRI scan of the lumbar spine and fortunately there is no progression or worsening."[7]  Likewise, the radiologist who administered and interpreted the MRI indicated that it showed no evidence of change in Tisdale's condition.[8]  Dr. Dietze has not only changed his recommendation on a three-level fusion, he has also changed his initial interpretation of the repeat MRI scan from July of 2021.  And his latest opinion is contradicted by the radiologist who interpreted the repeat MRI.

This is not a case where a Jones Act employer's physician merely disagrees with the physician chosen by plaintiff's counsel. Dr. Dietze himself has rendered contradicting opinions. As in *Martin*, Dr. Dietze's contradicting opinions create a genuine issue of material fact that preclude summary judgment in Tisdale's favor on the issue of his entitlement to a three-level fusion as part of Marquette's cure obligation.

### III. The Radiofrequency ablations recommended by Dr. Dietze are not curative; they are palliative only.

Although it is unclear from Plaintiff's motion whether he seeks relief on this issue, he generally references the denial of Dr. Dietze's request to perform radiofrequency ablations.  See

---

[4] Dr. Dietze's Progress Note from December 9, 2019, attached as **Exhibit C,** emphasis added.
[5] Dr. Dietze's Progress Note from August 26, 2021, attached as **Exhibit D**.
[6] Dr. Dietze was deposed on October 26, 2022, but the transcript from that deposition is not yet available.  Marquette will supplement this Opposition with Dr. Dietze's deposition transcript when the transcript becomes available.
[7] Dr. Dietze's Progress Note from August 26, 2021, attached as **Exhibit D**.
[8] July 30, 2021 MRI Report, attached as **Exhibit E**.

R. Doc. 40, p. 3. During his deposition, Dr. Dietze acknowledged that this proposed procedure was for pain management only; it was not designed to address the underlying cause of Tisdale's alleged pain.[9] A Jones Act employer is not required to pay for purely palliative care. *Johnston v. Tidewater Marine Serv.,* 116 F.3d 478, at *2 (5th Cir.1997) (per curiam) (unpublished table opinion)("when a particular medical procedure is merely palliative in nature or serves only to relieve pain and suffering, no duty to provide payments for cure exists.") Treatment intended to better a plaintiff's physical condition as opposed to only alleviating pain and discomfort is considered curative. *Barto v. Shore Const., L.L.C.*, 801 F.3d 465, 476 (5th Cir.2015). Treatment that does not improve the seaman's condition, but only works to alleviate pain is considered palliative. *Id.* At minimum, there is an issue of material fact on this issue.

## CONCLUSION

Tisdale's Motion to Compel Cure is procedurally improper. It does not include a statement of uncontested facts. It does not address Dr. Dietze's contradictory opinions. Nor does it explain why a three-level fusion is now medically necessary when Dr. Dietze expressly said he would not recommend one for Mr. Tisdale. Marquette maintains that the Motion to Compel Cure should be stricken. But even if the Court reaches the merits of Tisdale's Motion, it should be denied for the simple reason that there are genuine issues of material fact regarding Tisdale's claim for cure. Drs. Dietze and Davis disagree on whether a three-level fusion is medically necessary, and Dr. Dietze has rendered contradicting opinions on that issue. The Court should therefore deny Tisdale's Motion to Compel Cure.

---

[9] Marquette will supplement the record with Dr. Dietze's deposition when the transcript become available.

Respectfully submitted,

BY:   LUGENBUHL

*/s/ Carter L. Sayers*
Todd G. Crawford, T.A. (La Bar No. 20150)
Carter L. Sayers (La Bar No. 38887)
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: tcrawford@lawla.com
Email: csayers@lawla.com
*Attorneys for Marquette Transportation Company, LLC, Marquette Transportation Company Gulf-Inland, LLC and Marquette Transportation Company Offshore, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Carter L. Sayers*