IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM TISDALE**<br>*Plaintiff* | **CIVIL ACTION NO.:**<br>2:22-cv-00237-GGG-MBN |
| | **SECTION "T"** |
| **VERSUS** | **JUDGE GUIDRY** |
| **MARQUETTE TRANSPORTATION COMPANY, LLC, MARQUETTE TRANSPORTATION COMPANY, GULF-INLAND, LLC, MARQUETTE TRANSPORTATION COMPANY OFFSHORE, LLC AND DEFENDANTS A-Z**<br>*Defendants* | **MAGISTRATE JUDGE NORTH** |

### RESPONSE TO MARQUETTE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ST. JOHN CREWMEMBERS TRANSFERRING TO M/V RSURRECTION

**MAY IT PLEASE THE COURT:**

William Tisdale ("Plaintiff") files this response to Motion in Limine to Exclude Evidence of St. John Crewmembers Transferring to M/V RESURECTION. Plaintiff suggests that the relevance of Deck Hand Jarvis Driver's testimony outweighs any risk of unfair prejudice to Marquette under Fed. R. Evid. 403.

Deckhand Driver, Pilot Williams, and Captain Greenhouse were all transferred from the M/V ST. JOHN to a less desirable vessel, the M/V RESURECTION, because they were not keeping the M/V ST. JOHN clean, and the M/V ST. JOHN was not productive in its moving of barges for Marquette. The reason for their transfer to a less desirable workplace was also due to injuries. Jarvis Driver subsequently quit working for Marquette because of this undesirable transfer.

Jarvis Driver testified as follows in his video deposition of August 23, 2022[1]

Q. "Okay. So the last line of questioning dealt with – with the – you know, why you were moved from the ST. JOHN to the RESURRECTION; right?

A. Yes.

Q. Right before you left – right after you left – right before you left the job; right?

A. Yes

Q. So my understanding of your testimony, you were moved from a newer, better boat to an older, maybe less desirable boat.

A. Yes.

Q. True?

A. Yes.

Q. And, so, you're being moved to a more undesirable workplace; right?

A. Yes.

Q. And, so, you left the company, and that's one of the reasons you left the company on account of.

A. Yes

Q. And my understanding of your testimony is the reason they moved you is two reasons. One, poor performance, and one, low productivity. The poor performance, I understood, was – well it was allegations or rumors—

A. Yeah.

Q. -- that it wasn't clean enough.

A. Right?

A. Yes.

Q. The boat wasn't being kept clean enough.

A. Yes

---

1 Ex. 1 Excerpt Jarvis Driver Depo pg. 119 ln 6 – pg.121 ln.4

> Q. And you – you – you've testified that's not true, Mr. LoCoco, Mr. Crawford. We kept the boat clean
>
> A. Yes
>
> Q. That's true?
>
> A. Yeah, that's correct.
>
> Q. And the second reason you gave is just that, well, there was poor performance.
>
> You said, well, that includes not only picking up and dropping barges and the work that you do, but it also includes injuries.
>
> A. Yeah.
>
> Q. And, so, for those two reasons, they moved you, the captain, Freddie Greenhouse, Jody Williams, and whoever else was in the crew to this other boat from the ST. JOHN to the RESURECTION; right?
>
> A. Yes.
>
> Q. So I named three people that were moved. I named Greenhouse, Jody Williams, and you. Who else moved to the RESURRECTION?
>
> A. Patrick Rudolph, Devin Randall. Who else? We had one person on. Darnell Brown"

Keeping a clean and orderly boat involves issues relevant to this case. Driver, transferred off the M/V ST. JOHN for perceived "poor performance" left the lock line hanging in an improper place and failed to move it when there was a safe "alley way" while the barges in the flotilla were still breasted together. Driver left the lock line hanging on a cover clamp for another man, Tisdale, to remove later after the safe opportunity to do so had expired.

Plaintiff suggests that it is fair for the jury to hear this evidence and then determine whether an environment of sloppy and substandard work by his fellow crewmembers – whether slight or not - was a cause in fact of his injury, and that this injury was related to the bad habits underlying

the crew members' transfers.[2]

                                                                                          Respectfully submitted,

                                                                                          */s Joseph A. LoCoco*
                                                                                          Joseph A. LoCoco, T.A., La. #17305
                                                                                          LoCoco & LoCoco, PLLC
                                                                                          Post Office Box 6014
                                                                                          10243 Central Avenue
                                                                                          D'Iberville, MS 39540
                                                                                          joseph.lococo@lococolaw.com

And     */s/ Richard M Martin. Jr*.
                    Richard M. Martin, Jr., LA. #8998
                    Lamothe Law Firm, LLC.
                    400 Poydras Street, Suite 1760
                    New Orleans, LA 70130
                    rmartin@lamothefirm.com

## CERTIFICATE OF MAILING

I, hereby certify that on this 2nd day of April, 2024, I electronically filed the foregoing with the Clerk of Court by using the CMECF system which sent a notice of electronic filing to all counsel of record.

                                                                  s/*Joseph A. LoCoco*
                                                                  Joseph A. LoCoco

---

[2] Fed. R. Evid. 406 states that evidence of a person's habit may be admitted to prove that on a particular occasion the person acted in accordance with the habit. The Court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.